MAZIE B. RIGG, PLAINTIFF, v. LE ROY LEWIS, DEFENDANT.

Decided March 18, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Cole & Cole.*

*Contra, Thompson & Hanstein.*

PER CURIAM.

There was a verdict for the plaintiff in the Atlantic Circuit against the defendant for $31,230.48.

In the state of the case twelve reasons are presented by the defendant, why the verdict should be set aside and a new trial granted. Counsel of defendant in their brief make this statement: "Plaintiff was injured by being struck by an automobile driven by the defendant. The accident occurred in the vicinity of the intersection of Morris and Atlantic avenues, Atlantic City, New Jersey. She was standing in the street waiting for a trolley car going west toward Longport, in which direction defendant was driving. The jury resolved the question of defendant's negligence and plaintiff's contributory negligence adversely to the claim of the defendant. While we believe and contend the verdict upon both phases is wrong, we are satisfied it cannot be disturbed as being against the weight of the evidence under the standard set by this court."

The first point made in the brief of defendant is, that the verdict is excessive. We do not think it is. Taking into consideration that the plaintiff was fifty years of age, and was in good bodily health preceding the time she sustained her injuries, which caused her to become a physical wreck, and entailed upon her large pecuniary losses, and the incurring of heavy medical expenses, and the mental agony and physical pain which she suffered, and still suffers from the injuries inflicted upon her more than two years ago, and that she is left with the shortening of one leg, and suffers other inconveniences, we cannot say that the amount of the verdict is so excessive as to indicate that it was the result of partiality, prejudice, passion or mistake.

The second point argued in defendant's brief is, that there was error in permitting evidence touching the existence of an alleged safety zone. We do not find anything in the reasons presented by the defendant for a new trial, which recites any testimony of any witness relating to the existence of alleged safety zones. The same legal rules, which apply to assignments of errors, to the effect that they must point out specifically the error or errors relied on, apply to reasons pre-

sented on rules to show cause why a new trial should not be granted, because of the commission of errors specifically pointed out.

We think, however, that testimony tending to show that there was a safety zone in the public highway, and that the plaintiff stood within the safety zone, at the time she was struck, by the automobile of the defendant, was competent testimony.

The third point urged to set aside the verdict is, that it was error to refuse to charge, that "the defendant cannot be charged with negligence in not seeing the plaintiff if his view of her was obstructed by the preceding car."

The trial judge properly refused to charge this request. It is a startling proposition that if the view of the driver of a vehicle is obstructed by a preceding vehicle, he may go blindly ahead, regardless of consequences. If the defendant's view was obstructed by a preceding car, it was his duty to put his car in check, or stop it altogether until the obstruction was removed.

The fourth point argued in defendant's brief is that it was error for the trial judge to refuse to charge the following: "In this case the jury cannot find the plaintiff, as a pedestrian, had the right of way." This request was properly refused. There was nothing in the facts of the case which involved a question of the right-of-way of either party. The plaintiff was standing within a safety zone, and the defendant, according to the testimony, recklessly ran into her.

The rule to show cause is discharged, with costs.